IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **BILLY WAYNE STEWART and ERIN DOUGHERTY STEWART,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )<br>)<br>)  No: 1:12-cv-752 |
| **CAPITAL ONE BANK, N.A., JPMORGAN CHASE BANK, N.A., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## CAPITAL ONE, N.A.'S ANSWER TO PETITION

**COMES NOW** defendant Capital One, N.A. ("Capital One"), incorrectly named in the petition as "Capital One Bank, N.A.," and for its Answer to the Petition filed by Billy Wayne Stewart and Erin Dougherty Stewart ("Petitioners") states as follows:

1.

Capital One admits that it is organized under laws other than the laws of the State of Louisiana and that it conducts business in Louisiana. Capital One admits further that it is named as a defendant in the Petition, but denies that it is liable to the Petitioners under any theory of recovery. To the extent not admitted, Capital One denies all allegations in Paragraph 1 and demands strict proof thereof.

2.

Capital One lacks sufficient information to admit or deny the allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

3.

Capital One lacks sufficient information to admit or deny the allegations in Paragraph 3 and, therefore, denies the same and demands strict proof thereof.

4.

Capital One denies the allegations of Paragraph 4 and demands strict proof thereof.

5.

Capital One lacks sufficient information to admit or deny the allegations in Paragraph 5 and, therefore, denies the same and demands strict proof thereof.

6.

Capital One lacks sufficient information to admit or deny the allegations in Paragraph 6 and, therefore, denies the same and demands strict proof thereof.

7.

Capital One lacks sufficient information to admit or deny the allegations in Paragraph 7 and, therefore, denies the same and demands strict proof thereof.

8.

Capital One lacks sufficient information to admit or deny the allegations in Paragraph 8 and, therefore, denies the same and demands strict proof thereof.

9.

Capital One admits that Petitioners entered into a mortgage loan transaction with Hibernia National Bank on or about August 5, 2003, which resulted in Petitioners executing a promissory note in the principal amount of $92,000 and a multiple indebtedness mortgage, both in favor of Hibernia National Bank.  Capital One admits that the multiple indebtedness mortgage that Petitioners executed in favor of Hibernia National Bank on August 5, 2003, is recorded in

Mortgage Book 1923, Page 725, of the land records of Rapides Parish, Louisiana. To the extent not admitted herein, Capital One lacks sufficient information to admit or deny the allegations in Paragraph 9 and, therefore, denies the same and demands strict proof thereof.

10.

Capital One denies the allegations of Paragraph 10 and demands strict proof thereof.

11.

Capital One admits only that it is the current holder of one or more mortgages previously held by Hibernia National Bank. Capital One denies that it is liable to Petitioners under any theory of recovery. To the extent not expressly admitted or denied, Capital One states that it lacks sufficient information to admit or deny the allegations in Paragraph 11 and demands strict proof thereof.

12.

Capital One denies the allegations of Paragraph 12 and demands strict proof thereof.

13.

Capital One denies the allegations of Paragraph 13 and demands strict proof thereof.

14.

Capital One denies the allegations of Paragraph 14 and demands strict proof thereof.

15.

Capital One denies the allegations of Paragraph 15 and demands strict proof thereof.

16.

Capital One denies the allegations of Paragraph 16 and demands strict proof thereof.

17.

Capital One denies the allegations of Paragraph 17 and demands strict proof thereof.

18.

Capital One admits that the Petition contains alternative allegations.  Capital One denies that it is liable to Petitioners under any allegations in the Petition.

In response to the unnumbered paragraph beginning with 'WHEREFORE" following Paragraph 18 of the Petition, including subparts 1-6, Capital One denies that Petitioners are entitled to damages, declaratory or injunctive relief, costs, attorneys' fees, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Petitioners' claims are subject to arbitration to the extent that Petitioners have entered into any agreement with Capital One or Hibernia National Bank that contains an arbitration provision.

### SECOND DEFENSE

Petitioners' claims against Capital One are barred on the basis that Capital One and/or Hibernia National Bank paid in full any amounts payable to JPMorgan Chase under the Disbursement Request and Authorization alleged in Paragraph 10 of the Petition.

### THIRD DEFENSE

Petitioners' claims are barred in whole or in part by the applicable statute of limitations and the doctrine of laches.

### FOURTH DEFENSE

Capital One pleads contributory and/or comparative negligence.

**FIFTH DEFENSE**

Petitioners' claims against Capital One are barred by the doctrines of estoppel, acquiescence, consent, release and/or waiver.

**SIXTH DEFENSE**

To the extent that Petitioners have filed for bankruptcy protection, the claims asserted by Petitioners against Capital One are barred by any bankruptcy case filed by Petitioners, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands and release.  Moreover, as a result of any such prior proceedings, Petitioners are not the real party in interest to bring the present claims and lack standing to pursue the causes of action.

**SEVENTH DEFENSE**

Petitioners' injuries, if any, were the result of the acts or omissions of third parties over which Capital One had no responsibility or control and for which Capital One may not be held liable.

**EIGHTH DEFENSE**

Petitioners  fail to state a claim against Capital One upon which relief may be granted.

**NINTH DEFENSE**

Capital One reserves the right to assert additional defenses as discovery progresses in this case.

To the extent that any of the allegations in the Petition have not been expressly admitted or denied, they are hereby denied.

>
> */s/Katrina D. Chisholm*
> Katrina D. Chisholm (LA Bar #33773)
> Thomas K. Potter, III (LA Bar #17348)
>
> Attorneys for Defendant
> CAPITAL ONE, N.A.

**OF COUNSEL:**
Katrina D. Chisholm
BURR & FORMAN LLP
P.O. Box 2287
Mobile, Alabama  36652-2287
Telephone: (251) 344-5151
Facsimile: (251) 344-9696
katrina.dannheim@burr.com

Thomas K. Potter, III
BURR & FORMAN LLP
700 Two American Center
3102 West End Avenue
Nashville, Tennessee  37203
Telephone: (615) 724-3200
Facsimile: (615) 724-3290
tpotter@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 5th day of April, 2012:

William M. Ford
P.O. Box 12424
Alexandria, Louisiana 71315-2424


Michael D. Ferachi
Jonathan Wilbourn
McGlinchey Stafford, PLLC
Fourteenth Floor, One American Place
Baton Rouge, Louisiana 70825

*/s/Katrina D. Chisholm*
OF COUNSEL